**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DEAN ERIC PALMER,

                Plaintiff,

v.                                                                   ACTION NO. 2:10cv51

E.F. THOMPSON, INC.,

                Defendant.

**OPINION AND FINAL ORDER**

This action is brought by *pro se* Plaintiff Dean Eric Palmer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII"), alleging discriminatory discharge based on race, against Plaintiff's former employer, Defendant E.F. Thompson, Inc. Defendant has moved for summary judgment (ECF No. 24), and Plaintiff responded with a Motion to Dismiss Defendant's Motion for Summary Judgment[1] (ECF No. 27). Defendant replied (ECF No. 30). Accordingly, both motions are ripe for judicial review. The Court issued an Order on January 9, 2012 (ECF No. 31), removing the Final Pretrial Conference and bench trial from the calendar. For the reasons stated herein, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion to Dismiss is DENIED.

---

[1] For the purposes of this Opinion and Final Order, Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment will be referred to as Plaintiff's Response ("Pl.'s Resp.").

## I.    FACTUAL HISTORY[2]

Plaintiff is an African-American male who was hired by Defendant as a truck driver in October 2003. Def.'s Mem. in Supp. of Mot. for Summ. J. 2, ECF No. 25. Defendant is a USPS contractor, headquartered in Virginia. Id. at 1. At the time Plaintiff was hired, he was given an employee handbook ("the Handbook") containing Defendant's employment policy. As the Handbook explains, Defendant is an at-will employer and may terminate employees "at any time for any reason." Pls.' Resp., Ex. E, ECF No. 28-1. Additionally, the Handbook outlines infractions for which immediate termination may be warranted. Id. Among these infractions, both "major preventable accidents resulting in fatality, citation for reckless or careless driving, or property damage or bodily injury exceeding $10,000" and "minor preventable accidents resulting in a citation for reckless or careless driving" qualify for immediate termination. Id.

On January 11, 2009, Plaintiff was driving his assigned tractor-trailer southbound on Interstate 95 near Woodbridge on part of his assigned route. Def.'s Mem. in Supp. of Mot. for Summ. J. 2. Plaintiff lost control of his vehicle, struck a panel van, and ran off the road. Id. The tractor assigned to Plaintiff was completely destroyed, as was the panel van. Plaintiff sustained injuries, as did both the driver and passenger of the panel van. Id. To date, the medical and property damages attributed to Plaintiff's accident exceed $100,000, an amount much higher than any other accident caused by any driver for the Defendant. Def.'s Mem. in Supp. of Mot. for Summ. J. 3.

The Virginia State Police and Defendant's Operations Manager investigated the accident.

---

[2] The facts contained herein are gathered primarily from Defendant's Memorandum in Support of Summary Judgment (ECF No. 25), as Plaintiff did not submit a list of any material facts for which he contends there is a genuine issue necessary to be litigated. Additionally, Plaintiff does not dispute any facts listed in Defendant's Motion for Summary Judgment as untrue. However, to the extent that Plaintiff's Memorandum in Support of his Motion to Dismiss (ECF No. 28) contains any additional facts, these were treated as Proposed Findings of Fact and considered as well.

Id. Plaintiff claimed his tractor-trailer slid on black ice,[3] but neither the State Police investigator nor the Operations Manager saw evidence of ice on the road.[4] Def.'s Mem. in Supp. of Mot. for Summ. J. 2. Both the State Police investigative officer and Defendant's Operations Manager determined Plaintiff was at fault for the accident. Id. The officer cited Plaintiff for failure to maintain control, a type of reckless driving. Id. (citing Va. Code § 46.2-853). Plaintiff contested this citation and, on January 22, 2009, Plaintiff was found guilty of improper driving, a lesser-included infraction of reckless driving equivalent to improper driving under Va. Code § 46.2-869. Id. at 3.

Due to injuries sustained in the accident, Plaintiff was unable to return to work as a driver and was given light duty work during his recovery. Def.'s Mem. in Supp. of Mot. for Summ. J. 3. While Plaintiff was on light duty, Defendant's President, Operations Manager, and Safety Manager reviewed the information pertaining to Plaintiff's accident and determined Plaintiff should not be permitted to continue driving for the company. In a letter dated August 17, 2009, after Plaintiff had fully recovered from his injuries and had been released for a full return to work duty, Plaintiff was terminated by Defendant. Id.

## II. PROCEDURAL HISTORY

Subsequent to his termination, Plaintiff first filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination on the basis of race and disability, in violation of Title VII and the ADA, respectively.[5] Def.'s Mem. in Supp. of Mot. for Summ.

---

[3] See Pl.'s Resp. 1, 3 ("I was involved in a weather related accident (slid on black ice). Due to the disappearance of the ice, which melted from the heat from the engines of the vehicles that were stopped on the interstate, I was cited for the accident.").

[4] The Police Crash Report, submitted as an exhibit to Plaintiff's Response, indicates that the weather was clear at the time of the accident and "no adverse conditions" were present. Pl.'s Resp., Ex. D.

[5] Prior to filing a civil action under Title VII, a plaintiff must first file a charge of discrimination with the EEOC or the state deferral agency, thereby exhausting his administrative remedies. See, 42 U.S.C. § 2000e(5)(1) (2006); Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005).

J. 4. On October 29, 2009, the EEOC dismissed Plaintiff's claims, indicating that the Plaintiff had failed to establish any violation of the statutes. Compl., Ex. A.

On February 4, 2010, having exhausted his administrative remedies, Plaintiff filed his complaint against his former employer, Defendant Thompson, with this Court. Plaintiff originally alleged that Defendant wrongfully discharged him based on (1) race, in violation of Title VII of the Civil Rights Act, (2) a medical impairment, in violation of the Americans with Disabilities Act, and/or (3) a debilitating impairment, in violation of the Virginia Human Rights Act, Va. Code § 2.1-3900, et seq. Compl., ECF No. 3.

On May 25, 2010, Defendant filed a Motion to Dismiss. ECF No. 5. On June 22, 2010, after the issue was fully briefed, the Court issued an Order granting the Motion to Dismiss. ECF No. 11. Plaintiff appealed this dismissal to the Fourth Circuit Court of Appeals. On April 7, 2011, the Fourth Circuit affirmed the dismissal of the ADA charge, but reversed and remanded the dismissal of the Title VII race charge without written opinion. ECF No. 18.

Accordingly, on June 27, 2011, Defendant filed an Answer to Plaintiff's Complaint, addressing only the remaining Title VII claim. ECF No. 21. On December 1, 2011, Defendant filed a Motion for Summary Judgment (ECF No. 24), which has been fully briefed (ECF Nos. 27 and 30). Plaintiff filed a Motion to Dismiss the Motion for Summary Judgment in response. ECF No. 27. These matters are now before the Court.

### III.  STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to

present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party "seeking summary judgment always bears the initial responsibility of informing the [court] of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the non-moving party. Id. at 255. Finally, either party may submit as evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits" to support or rebut a summary judgment motion. Fed. R. Civ. P. 56(c). The nonmoving party may rebut the motion for summary judgment "by any of the kinds of evidentiary materials listed in Rule 56(c)." Celotex, 477 U.S. at 324.

In order to survive summary judgment on a racial discrimination claim, the non-moving party "may not rest upon mere belief or conjecture," and must "set forth specific facts" to show that there is a genuine issue of material fact. Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327 (quoting Fed. R. Civ. P. 1).

## IV.   DISCUSSION

In this case, even after construing all of the facts in a light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to present a genuine issue of material fact sufficient to support his claim for racial discrimination. Plaintiff fails to allege any facts, beyond his unsupported belief, to suggest there was a racially motivated reason for his dismissal. The Court further finds that, even if Plaintiff had established a prima facie case, Plaintiff failed to set forth any evidence to show that Defendant's legitimate non-discriminatory reason for terminating him

was pretextual. For these reasons, Defendant is entitled to judgment as a matter of law on Plaintiff's allegations that Defendant committed violations of Title VII of the Civil Rights Act.

### a) Applicable Standard for Title VII Claims

Title VII bars an employer's actions which "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2006).

In order for Plaintiff to make out a prima facie case of discriminatory discharge under Title VII, Plaintiff must show, by a preponderance of the evidence, (1) that he is a member of a protected class, (2) that he was discharged, (3) that he was qualified for his job and his job performance was satisfactory at the time of discharge, and (4) that similarly situated employees outside of his class were treated more favorably under apparently similar circumstances. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 (4th Cir. 2002).

If a plaintiff successfully makes this prima facie case, the burden then shifts to the defendant who must put forth evidence that each adverse hiring decision was for a legitimate, non-discriminatory reason. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). A defendant is not required to prove absence of discriminatory motive, but merely articulate some legitimate reason for its actions. Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996). If a defendant meets this burden, the burden then shifts back to the Plaintiff to demonstrate that the reasons offered were "mere pretext," or the decisions were racially motivated. Hawkins v. PepsiCo, Inc., 203 F.3d 274, 278 (4th Cir. 2000) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 at 507-08 (1993)).

### b) Plaintiff fails to establish a prima facie case of discrimination

Plaintiff is a member of a protected class (African American) and was discharged from his employment with Defendant. Plaintiff therefore has established, and Defendant does not deny, the first two elements of a Title VII claim. However, Plaintiff fails to provide any evidence on the third and fourth elements of the prima facie case to demonstrate a material issue for trial.

### i) Plaintiff fails to show how he was performing satisfactorily on the job prior to his termination

As to the third element of the prima facie case, Plaintiff produces no evidence to show that he was performing at a satisfactory level when discharged, aside from unsubstantiated assertions to that respect. See Pl.'s Resp. 4 ( "At the [sic] of his discharge, Mr. Palmer was performing at a satisfactory level and meeting his employer's legitimate expectations of his assigned duties."). Plaintiff's own self-serving claims and speculations as to his performance, standing alone, "cannot create a genuine issue of material fact." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

Evidence contained in the record demonstrates Plaintiff's performance was deficient prior to his termination. Specifically, Plaintiff, even at his own admission, was involved in a catastrophic accident while driving for Defendant and found guilty of improper driving. Pl.'s Resp. 1, 3. In his declaration, Thomas R. Waddell ("Waddell"), Defendant's Safety Manager, reiterates Defendant's at-will employment policy and emphasizes that, when Plaintiff was hired, he was informed that certain accidents, like that which Plaintiff was responsible for, warrant immediate termination. Waddell Decl. ¶ 3, ECF No. 25-2. Additionally, Waddell's declaration outlines the damages caused by Plaintiff's accident, totaling $100,000, "making this one of the most serious accidents ever caused by an E.F. Thompson driver." Id. at

¶ 8.

Despite the attempt to construe Plaintiff's declaration, as a *pro se* plaintiff, in the light most beneficial to him, Plaintiff fails to show any factual support for his contention that he was performing satisfactorily prior to his discharge. Rather, he acknowledges Defendant's at-will employment policy and admits his involvement in the accident for which he was discharged. Pl.'s Resp. 1, 3. As such, the Court finds that the third prima facie factor is not met in this case, which is fatal to Plaintiff's claim.

### ii) **Plaintiff fails to establish how he was treated differently from similarly situated employees**[6]

The Court also notes that Plaintiff fails to meet the fourth prima facie factor. Plaintiff's complaint alleges that similarly situated non-black co-workers have been involved in comparable accidents and were "not treated as harshly." Compl. Plaintiff cites "several accidents" in which Defendant's Operations Manager, a Caucasian male, has previously been involved, claiming that the Manager was not terminated but rather "promoted to Safety Director [and] to Operations Manager." Pl.'s Resp. 5. Plaintiff fails, however, to offer any evidence on the existence, nature, severity, or cause of these alleged accidents. Plaintiff simply makes a conclusory and unsubstantiated claim that one white employee of the Defendant was involved in accidents, but not terminated. Pl.'s Resp. 5. For this reason alone, and without any evidence to back up this claim, Plaintiff "truly believes . . . that race did play a role" in his termination. Id. at 7.

Plaintiff attempts to suggest his termination for the accident was not in keeping with

---

[6] In identifying a suitable similarly situated comparator, Plaintiff is required to show they are similar in all "relevant respects" to the comparator. Haywood v. Locke, 387 Fed. App'x 355, 2010 WL 271129, at *3 (4th Cir. 2010) (internal citations omitted). A showing includes evidence that the "employee 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. (internal citations omitted).

company policy and Defendant "did not follow [its] own rules," as the Operations Manager did not meet with Plaintiff about the accident prior to his termination. Id. at 5. In support of his argument, Plaintiff attaches to his Response a portion of the Handbook. ECF No. 28-1. Plaintiff manipulates the language of the Handbook in order to make his argument. The Handbook states that the "disciplinary system functions on two levels. Level one infractions can result in immediate termination. Level two infractions use a progressive discipline system before determination. This allows the driver ample warning so that inappropriate behavior can be corrected. . . There may be circumstances where deviation from this disciplinary system is determined to be warranted by the Company." Handbook, ECF No. 28-1. As discussed above, the accident for which Plaintiff was responsible constituted a level one infraction. Defendant makes explicitly clear both that employment is at-will and the means of discipline are within its discretion on a case-by-case basis. Moreover, Plaintiff does not submit any evidence to suggest that any employee, involved in a comparably serious accident, was afforded this meeting with the Operations Manager.

Defendant has provided ample evidence to show that race played no role in Plaintiff's termination. The company has terminated four other drivers for their involvement in comparably serious preventable accidents, two of whom were black and two of whom were white. Waddell's Decl. ¶ 10. Additionally, eight employees who were involved in accidents during the relevant time period were *not* terminated, four of whom were white and four of whom were black. Id. at ¶ 11. However, none of these retained employees had accidents similar in impact or damage to Plaintiff's accident. Id. In fact, as Waddell's declaration continues, "no driver of any race who was responsible for an accident comparable to [Plaintiff's] has been retained by E.F. Thompson." Id. at ¶ 12.

Even when examining the claim in a light most favorable to him, Plaintiff makes only conclusory, unfounded claims which are too vague to create a material issue. Plaintiff's "true belief" that he was discriminated against is insufficient to survive summary judgment. See Goldberg v. B. Green and Co., 836 F. 2d 845, 848 (4th Cir. 1988) (stating that conclusory allegations regarding state of mind are not sufficient to withstand summary judgment).

### c) Plaintiff fails to show how Defendant's Legitimate, Non-discriminatory Reasons for Termination were Pretextual

Finally, even if Plaintiff had established a prima facie case of employment discrimination, Defendant has more than met its burden to show that Plaintiff's termination was motivated by a legitimate, nondiscriminatory reason. Defendant has done so through its pleadings and declarations, pointing to Plaintiff's responsibility for a major accident, which resulted in over $100,000 worth of damages. Plaintiff, at his own admission, was cited and convicted for the accident. Additionally, as Plaintiff was informed of at the time of hire, an accident of this magnitude warranted immediate termination.

Given that Defendant has met its burden to offer a nondiscriminatory ground for its action, Plaintiff is required to show that the ground was merely pretext for discrimination. See Dowtin v. City of Norfolk, 2011 U.S. Dist. LEXIS 82733, at *9 (E.D. Va. July 28, 2011). Plaintiff has failed to provide any evidence to suggest that the Defendant's reason was pretext for a racially motivated firing.

## V. FINAL ORDER

Plaintiff has failed to establish that there is any genuine issue of material fact in dispute and has failed to present a prima facie case of racial discrimination. Furthermore, Defendant has articulated a legitimate, nondiscriminatory reason for its decision to terminate Plaintiff, and

Plaintiff has failed to demonstrate how this reason was mere pretext for racial discrimination. Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion to Dismiss.

The Clerk is DIRECTED to mail a copy of this Opinion and Final Order to Plaintiff, Dean Eric Palmer, and counsel of record for Defendant, E.F. Thompson, Inc., and DIRECTED to enter judgment in favor of the Defendant.

Plaintiff is ADVISED that he may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice of appeal must be received by the Clerk within thirty (30) days from the date of this Order.

                                                        /s/
                                                  Tommy E. Miller
                                          United States Magistrate Judge

Norfolk, Virginia
January 26, 2012

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Final Order and Opinion was mailed this date to each of the following:

Dean Eric Palmer
9618 15th Bay Street #B
Norfolk, VA 23518


Eric Blaine Martin, Esq.
McGuire Woods LLP
901 East Cary Street
Richmond, VA 23219

 

Fernando Galindo, Clerk


By _____
        Deputy Clerk
       January \_\_ , 2012